**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| **TRACY GOSNEY**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 1:25-cv-00641 |
| v. | : | |
| | : | **Judge:** |
| **SUNBEAM PRODUCTS, INC.,** and | : | |
| **NEWELL BRANDS, INC.,** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Tracy Gosney** (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **Johnson Becker, PLLC**, and **Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC**, and hereby submits the following Complaint and Demand for Jury Trial against **Sunbeam Products, Inc.** and **Newell Brands, Inc.** (hereinafter collectively referred to as "Defendants") and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendants Sunbeam Products, Inc. and Newell Brands, Inc. design, manufacture, market, import, distribute, and sell a wide-range of consumer products, including the subject "Crock-Pot Express Pressure Cooker," which specifically includes the Model Number CPPCV60-SS (hereinafter referred to as "pressure cooker(s)").

1

2.      Defendants tout that their pressure cookers are designed with "safety in mind,"[1] and include supposed "safety measures"[2] that purport to keep the lid from being opened while the unit it is under pressure. Specifically, Defendants boast that "pressure will not build if the Lid is not shut correctly"[3] and that the unit comes equipped with "a safety feature to keep the Lid from being removed while the Cooker is under pressure."[4]

3.      Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

4.      Specifically, said defects manifest themselves when, despite Defendants' claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. In this case the lid was able to be removed and opened while the pressure cooker retained pressure, causing the Plaintiff serious and substantial bodily injuries and damages.

5.      Defendants knew or should have known of these defects but nevertheless put profit ahead of safety by continuing to sell their pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective pressure cookers despite the risk of significant injuries to Plaintiff and consumers like her.

---

[1] *See* Sunbeam Products, Inc. Crock-Pot Express Pressure Cooker Owner's Manual, p. 10, a copy of which is attached hereto as Exhibit A.
[2] *Id*.
[3] *Id*.
[4] *Id*. at p. 40.

6.      Defendants ignored and/or concealed their knowledge of these defects in their pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

7.      As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF TRACY GOSNEY**

8.      Plaintiff is a resident and citizen of the City of Williamsburg, County of Clermont, State of Ohio.

9.      On or about September 12, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety measures," which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

**DEFENDANTS SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.**

10.     Defendants design, manufacture, market, import, distribute, and sell a variety of consumer products[5] including pressure cookers, irons, mixers, heated blankets, and heating pads, amongst others.

---

[5] *See generally*, https://www.sunbeam.com/ (last accessed August 28, 2025).

11.     Defendants claim to "[provide] total wellbeing solutions for living a healthy, lively and fulfilling life"[6] and boast that they have "provided convenient solutions to make everyday life better"[7] for "over 100 years."[8]

12.     Defendant Sunbeam Products, Inc. is a Delaware Corporation with its registered place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328, and its principal place of business located at 2381 Executive Center Drive, Boca Raton, Florida 33431. At all times relevant, Defendant Sunbeam Products, Inc. substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages. Defendant Sunbeam maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092. Defendant Sunbeam additionally maintains a registered agent to transact business in Ohio where they may be served with Summons and the Complaint at Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

13.     Defendant Newell Brands, Inc. is a Delaware Corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. At all times relevant, Defendant Newell Brands substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages. Defendant Newell maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

---

[6] *See*, https://www.newellbrands.com/our-brands/sunbeam (last accessed August 28, 2025).
[7] *Id*.
[8] *Id*.

4

**JURISDICTION AND VENUE**

14.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

16.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Ohio and have intentionally availed themselves of the markets within Ohio through the promotion, sale, marketing, and distribution of their products.

**FACTUAL BACKGROUND**

17.    Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

18.    Defendants aggressively warrant, market, advertise, and sell their pressure cookers as "an ideal way to create quick, flavorful meals"[9] that is "perfect for busy families, those on-the-go and those who need flexible meal times."[10]

19.    According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to be "designed with safety in mind and [with] various safety measures."[11]

20.    For instance, Defendants claim that their pressure cookers include safety features which will keep the lid from being opened while the unit is under pressure; that "[p]ressure will not build

---

[9] *See* Ex. A, p. 17.
[10] *Id*.
[11] *Id*. at p. 10.

if the Lid is not shut correctly and has not sealed"[12]; and that "[o]nce the pressure increases, the Lid cannot be opened."[13]

21.     In addition to the "safety measures" listed in the manual, Defendants advertised on its Crock-Pot website that consumers could "cook with confidence" because the "airtight locking lid remains locked while pressure is inside the unit."[14]

22.     By reason of the forgoing acts or omissions, Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

23.     Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendants.

24.     However, the aforementioned pressure cooker was defectively designed and manufactured by Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

25.     Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

26.     Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong and put innocent consumers like Plaintiff directly in harm's way.

---

[12] *Id*.

[13] *Id*. at p. 40.

[14] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed August 28, 2025).

27. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

28. As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

29. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### CAUSES OF ACTION I – IV
### DEFECTIVE MANUFACTURING/CONSTRUCTION
### DEFECTIVE DESIGN/FORMULATION
### DEFECTIVE WARNING/INSTRUCTION
### DEFECTIVE DUE TO NONCONFORMITY WITH REPRESENTATION
### STRICT LIABILITY
### Pursuant to R.C. § 2307.71 *et seq.*

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

31. At the time of Plaintiff's injuries, Defendants' pressure cookers, including the subject pressure cooker, were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

32. The subject pressure cooker was in the same or substantially similar condition as when it left the possession of the Defendants.

7

33. Plaintiff and her family did not misuse or materially alter the pressure cooker.

34. The subject pressure cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

35. Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, however Defendants continued to market their pressure cookers to the general public (and continues to do so).

36. The Plaintiff in this case reasonably relied on Defendants' representations that their pressure cookers, including the subject pressure cooker, were a safe and effective means of preparing meals.

37. Defendants' pressure cookers are defective in design or formulation. R.C. 2307.75.

38. Defendants' pressure cookers are defective due to inadequate warning or instruction. R.C. 2307.76.

39. Defendants' pressure cookers are defective for failing to conform to a representation made by the manufacturer. R.C. 2307.77.

40. Defendants are, or may be, liable as suppliers. R.C. 2307.78.

41. The defective condition of the subject pressure cooker includes, *inter alia*, the following:

    a. The subject pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

    c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

8

d. Defendants failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, to avoid the aforementioned risks to individuals;

e. Defendants failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

f. Defendants failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

g. Upon information and belief, Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages; and

h. Upon information and belief, Defendants also failed to disclose material facts regarding the safety and efficacy of the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, including information regarding their propensity to cause personal injuries.

42. Defendants' pressure cookers were defective in that at the time the subject pressure cooker left the control of Defendants, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation.

43. The subject pressure cooker did not conform to the standards of similar or identical pressure cookers due to its propensity for the lid to be removed while the unit remains under pressure

44. The propensity for the lid to be removed while the unit remains under pressure during its normal, foreseeable use, was not an open and obvious risk.

45. The subject pressure cooker was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiff.

46. The Defendants in this case had a duty to provide Plaintiff and other consumers with true and accurate information and warnings of any known dangers of the pressure cookers it marketed, distributed and sold.

9

47.     The Defendants in this case knew or should have known, based on prior experience that its representations regarding its pressure cookers were false, and that it had a duty to disclose the dangers associated with their pressure cookers.

48.     As a direct and proximate result of Defendants' defective pressure cooker, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendants in this case is liable for these losses.

## CAUSE OF ACTION V
## NEGLIGENCE

49.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

50.      Defendants owed a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

51.     Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their pressure cookers in that Defendants knew or should have known that said pressure cookers, including the subject pressure cooker, created a high risk of unreasonable harm to the Plaintiff and consumers alike due to their propensity for the lid to be removed while the unit remains under pressure.

52.     The Defendants in this case were negligent in the design, manufacture, advertising, warning, marketing, and sale of their pressure cookers, including the subject pressure cooker, in that, *inter alia*, they:

10

a. Failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

b. Failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

c. Failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

d. Failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, to avoid the aforementioned risks to individuals;

e. Placed an unsafe product into the stream of commerce; and

f. Was otherwise careless or negligent.

53. As a direct and proximate result of Defendants' negligence, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendants in this case is liable for these losses.

## CAUSE OF ACTION VI
## BREACH OF IMPLIED WARRANTIES

54. Plaintiff incorporates by reference incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

55. Defendants manufactured, supplied, and sold their pressure cookers, including the subject pressure cooker, with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely preparing meals.

56. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of these warranties.

57.     Defendants' pressure cookers, including the subject pressure cooker, were not fit for the particular purpose as a safe means of cooking meals, due to the unreasonable risks of bodily injury associated with their use.

58.     Furthermore, Defendants' pressure cookers, including the subject pressure cooker, were not merchantable and fit for their ordinary purpose, because they have the propensity for the lid to be removed while the unit remains under pressure.

59.     The Plaintiff in this case reasonably relied on Defendants' representations that its pressure cookers, including the subject pressure cooker, were fit for the particular purpose of cooking quickly, efficiently, and safely.

60.     Additionally, Plaintiff used the subject pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking quickly, efficiently and safely.

61.     As a direct and proximate result of Defendants' breach of the aforementioned warranties, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses and overall diminished enjoyment of life. The Defendants in this case are liable for these losses.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants as follows:

a.  For an award of compensatory damages, including damages against Defendants and each of them for pain and suffering, medical and hospital expenses, loss of income, permanent disability, and other damages according to proof at trial in excess of $75,000;

b.  For reasonable attorneys' fees and costs;

c.  For pre-judgment interest;

d.  Restitution, disgorgement of profits, and other equitable relief; and

e.  For such further relief as this Court deems necessary, just, equitable and proper.

Respectfully Submitted,

Dated: September 3, 2025

/s/ Alyson Steele Beridon
Alyson Steele Beridon (Bar #87496)
**HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, PLLC**
600 Vine Street, Suite 2720
Cincinnati, OH 45202
Ph: 513-381-2224
Fax: 615-994-8625
alyson@hsglawgroup.com

Adam J. Kress, Esq.* (MN #0397289)
Anna R. Rick, Esq.* (MN #0401065)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Ph: 612-436-1800
Fax: 612-436-1801
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff**
***Pro Hac Vice forthcoming**

13